IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENCO HOLDINGS, LLC and BIO-ENERGY (WASHINGTON), LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. ) |
| WASTE MANAGEMENT, INC. and WM RENEWABLE ENERGY, L.L.C., | ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Ingenco Holdings, LLC ("Ingenco Holdings") and Bio-Energy (Washington),

LLC ("BEW") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege as

follows:

## I.  NATURE OF THE ACTION

1.      This action arises from Defendants Waste Management, Inc. and WM Renewable

Energy, L.L.C.'s (collectively "Defendants" or "Waste Management") unauthorized and ongoing

use of the patented methods claimed in United States Patent No. 7,731,779 (the "'779 Patent")

across a portfolio of sixteen landfill renewable natural gas ("RNG") facilities located throughout

the United States. Plaintiffs assert two distinct, but overlapping claims: (i) Plaintiff Ingenco

Holdings, LLC, as current owner of the '779 Patent, asserts claims for direct and indirect patent

infringement under 35 U.S.C. § 271, *et seq*.; and (ii) Plaintiff Bio-Energy (Washington), LLC, as

the named third-party beneficiary of the Air Liquide Label License Agreements executed by

Defendant WM Renewable Energy, L.L.C., asserts a claim for breach of contract and

enforcement of third-party beneficiary rights arising from Defendant WM Renewable Energy,

LLC's failure to obtain project-wide licenses from BEW as expressly authorized by each Label License Agreement. Plaintiffs seek damages, injunctive relief, enhanced damages for willful infringement, and attorneys' fees.

## II.  THE PARTIES

2.     Plaintiff Ingenco Holdings, LLC is a Delaware limited liability company with its principal place of business at 1110 Woodlands Road, Charlottesville, Virginia 22901. Ingenco Holdings is the current owner of all right, title, and interest in and to the '779 Patent by assignment from Bio-Energy (Washington), LLC, executed March 14, 2023 and recorded with the United States Patent and Trademark Office on April 10, 2023 (Reel/Frame 063271/0086). Ingenco Holdings holds exclusive enforcement rights, including all rights to pursue damages, injunctive relief, and other remedies for past and future infringement of the '779 Patent under 35 U.S.C. § 271.

3.     Plaintiff Bio-Energy (Washington), LLC ("BEW") is a Delaware limited liability company wholly-owned by Ingenco Holdings with its principal place of business also located at 1110 Woodlands Road, Charlottesville, Virginia. BEW is the assignee and current holder of that certain License Agreement dated February 15, 2012 by and between Industrial Power Generating Company, LLC ("IPGCo") and Air Liquide Advanced Technologies U.S., LLC ("Air Liquide") (the "License Agreement"), pursuant to which Air Liquide issued Label License Agreements to Defendant WM Renewable Energy, L.L.C. for all sixteen  of the Infringing Projects. BEW is the named third-party beneficiary of each such Label License Agreement, with the right to grant or arrange for the issuance by Ingenco Holdings of project-wide licenses to the Licensed Methods and with inspection rights at each identified project. BEW brings this action to enforce its

contractual rights as a named third-party beneficiary of the Label License Agreements and as licensor under the License Agreement.

4.    Defendant Waste Management, Inc. ("WM") is a Delaware corporation with its principal place of business at 800 Capitol Street, Suite 3000, Houston, Texas 77002. WM is incorporated under the laws of the State of Delaware, is registered to do business in Delaware, and maintains a registered agent for service of process in Delaware at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. WM is the parent company of WM Renewable Energy, L.L.C. and, upon information and belief, exercises direction and control over WM Renewable Energy's RNG operations, including each of the Infringing Projects described herein.

5.    Defendant WM Renewable Energy, L.L.C. ("WM Renewable Energy") is a Delaware limited liability company with its principal place of business at 800 Capitol Street, Suite 3000, Houston, Texas 77002. WM Renewable Energy is organized under the laws of the State of Delaware, is registered to do business in Delaware, and maintains a registered agent for service of process in Delaware. WM Renewable Energy develops, constructs, owns, and operates landfill gas-to-RNG facilities at landfills throughout the United States, including each of the Infringing Projects identified herein.

### III.  JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Count I arises under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*. This Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a) because Count II forms part of the same case or controversy as Count I, arising

3

from the same transactions and occurrences and Defendants' operation of the same Infringing Projects.

7.      This Court has personal jurisdiction over WM because WM is incorporated under the laws of the State of Delaware and has thereby consented to the jurisdiction of this Court. WM is registered to do business in Delaware, maintains a registered agent in Delaware, and has availed itself of the benefits and protections of Delaware law throughout the relevant period, including by organizing its corporate structure under Delaware law.

8.      This Court has personal jurisdiction over WM Renewable Energy because WM Renewable Energy is organized under the laws of the State of Delaware and has thereby consented to the jurisdiction of this Court. WM Renewable Energy is registered to do business in Delaware, maintains a registered agent in Delaware, and has availed itself of the benefits and protections of Delaware law throughout the relevant period.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(b). Under 28 U.S.C. § 1400(b), a civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. Defendant WM resides in this District within the meaning of 28 U.S.C. § 1400(b) because WM is incorporated in Delaware. See *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258 (2017) (a domestic corporation "resides" only in its state of incorporation for purposes of the patent venue statute). Defendant WM Renewable Energy likewise resides in this District because it is organized in Delaware. Venue as to both Defendants is therefore proper in this District.

4

10. Venue is also proper as to Count II under 28 U.S.C. § 1391(b)(1) because both Defendants reside in this District: WM is a Delaware corporation and WM Renewable Energy is a Delaware limited liability company. Both are residents of Delaware within the meaning of 28 U.S.C. § 1391(c). Venue is independently proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Count II occurred in this District. Each of the sixteen Label License Agreements was executed by WM Renewable Energy, a Delaware entity organized under Delaware law. The contractual obligation that BEW seeks to enforce — the obligation to obtain a project-wide license through BEW before engaging in project-wide use of the Licensed Methods — is an obligation running from a Delaware entity formed under Delaware law.

## IV. THE '779 PATENT AND CHAIN OF TITLE

11. On June 8, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,731,779 B2, entitled "Method for Processing Landfill and Other Stranded Gas Containing Commercial Quantities of Methane and Contaminated by Carbon Dioxide, Nitrogen and Oxygen into a Pipeline or Vehicle Quality Natural Gas Product," to David J. Palumbo as the inventor. The '779 Patent issued from U.S. Application Serial No. 11/553,931, filed October 27, 2006, and claims priority to U.S. Provisional Application No. 60/731,636, filed October 28, 2005. The patent term has been extended by 698 days pursuant to 35 U.S.C. § 154(b), resulting in a patent expiration date of September 24, 2028. A true and correct copy of the '779 Patent is attached hereto as Exhibit A.

12. The '779 Patent was originally assigned by inventor David J. Palumbo to Industrial Power Generating Company, LLC ("IPGCo"), a Delaware limited liability company with a principal address of 2250 Dabney Road, Richmond, Virginia 23230, by Assignment

executed June 17, 2010 and recorded with the USPTO on March 17, 2011 (Reel/Frame 025976/0387).

13.    By Assignment of Patent Rights executed May 26, 2015 and recorded with the USPTO on June 3, 2015 (Reel/Frame 035778/0091), IPGCo assigned its entire right, title, and interest in and to the '779 Patent to BEW, including all causes of action and enforcement rights for past and future infringement. Contemporaneously, IPGCo assigned to BEW all of IPGCo's right, title, and interest in and to the Air Liquide License Agreement dated February 15, 2012, including the right to grant and administer Label Licenses and to enforce BEW's rights thereunder as third-party beneficiary.

14.    By Assignment of Patent Rights executed March 14, 2023 and recorded with the USPTO on April 10, 2023 (Reel/Frame 063271/0086), BEW assigned its entire right, title, and interest in and to the '779 Patent to Ingenco Holdings, including all causes of action and enforcement rights for past and future patent infringement. BEW retained its position as holder of the Air Liquide License Agreement and as named third-party beneficiary of the Label License Agreements issued thereunder, including the right to grant or arrange for the issuance by Ingenco Holdings of project-wide licenses to the Licensed Methods and to enforce BEW's contractual rights under each Label License Agreement. An abstract of Title containing links to true and correct copies of the complete assignment chain is attached hereto as Exhibit B. Prior to the 2023 assignment to Ingenco Holdings, BEW had granted a security interest in the '779 Patent to JPMorgan Chase Bank, N.A. ("JPMCB"), as Administrative Agent, recorded with the USPTO on March 31, 2016 (Reel/Frame 038166/0389). JPMCB executed a Release of Patent Security Agreement dated March 31, 2026, discharging and relinquishing all security interest in the '779 Patent and restoring full right, title, and interest to BEW (and by virtue of the 2023 assignment,

6

to Ingenco Holdings). The Release was submitted to the USPTO for recordation on March 31, 2026, and recorded on April 2, 2026 (Reel/Frame 74260/0534. See Exhibit B.

15.     The '779 Patent claims a multi-step method for processing stranded methane-containing gas — including landfill gas — into pipeline-quality natural gas, comprising: (i) removing hydrogen sulfide; (ii) compressing the gas; (iii) cooling the gas; (iv) removing water, non-methane organic compounds, and volatile organic compounds using one or more pressure swing adsorption units; (v) removing carbon dioxide and oxygen using process membranes; and (vi) removing nitrogen and oxygen using one or more pressure swing adsorption units; wherein the membrane permeate is recycled to improve methane recovery. The '779 Patent contains six claims (Claims 1–6), two of which are independent method claims (Claims 1 and 4). The '779 Patent is valid, enforceable, and currently in force.

## V.  THE AIR LIQUIDE LICENSE AGREEMENT AND LABEL LICENSE STRUCTURE

16.     IPGCo entered into a License Agreement with Air Liquide Advanced Technologies U.S., LLC ("Air Liquide") dated February 15, 2012 (the "License Agreement"), pursuant to which IPGCo granted Air Liquide a non-exclusive, irrevocable, worldwide, sublicensable, and assignable royalty-bearing license to: (a) develop, make, use, market, offer for sale, sell, and import equipment incorporating and/or relying upon Patent Rights; (b) practice Licensed Methods; and (c) grant Label Licenses to third-party equipment purchasers in conjunction with Air Liquide's sale of Equipment. The License Agreement was assigned by IPGCo to BEW on May 26, 2015, and BEW, as a wholly-owned subsidiary of Ingenco Holdings, continues to hold the License Agreement as licensor. A true and correct copy of the License Agreement and its assignment to BEW is attached hereto as Exhibit C.

17.     Pursuant to the License Agreement, Air Liquide issued Label License Agreements to WM and/or WM Renewable Energy for all sixteen of the Infringing Projects: WM Columbia Ridge (Oregon); WM Covel Gardens (California); WM DeKalb (Illinois); WM DFW RNG (Texas); WM Eco Vista (California); WM Fairless Hills (Pennsylvania); WM Medley (Florida); WM Okeechobee (Florida); WM Orchard Hills (Illinois); WM Outer Loop (Kentucky); WM Pheasant Point (Nebraska); WM Salem County (Alabama); WM Security RNG (Texas); WM Simi Valley (California); WM Skyline (California); and WM Temple RNG (Texas). True and correct copies of the relevant Label License Agreements are attached hereto as Exhibit D.

18.     Each Label License Agreement expressly and unambiguously provides that: (i) the label license is project-specific and covers only the covered Air Liquide products incorporated into the identified project; (ii) the label license does not authorize project-wide use of the Licensed Methods or use of the Licensed Methods with other equipment incorporated into the project; and (iii) "a Project wide license may only be obtained from BEW." Each Label License Agreement further identifies BEW as an express third-party beneficiary with independent enforcement rights and project inspection rights on reasonable notice.

19.     The Label License Agreements therefore created a direct contractual obligation running from WM Renewable Energy to BEW. Defendant WM Renewable Energy expressly acknowledged that project-wide use of the Licensed Methods requires a separate license from BEW, and that BEW is a third-party beneficiary with the right to enforce that obligation. By executing the Label Licenses, WM Renewable Energy was placed on actual, express notice of both the '779 Patent and its obligation to obtain project-wide authorization for use of the Licensed Methods from BEW.

8

20.    Defendants have not obtained project-wide licenses from BEW or Ingenco Holdings for any of the Infringing Projects identified herein, nor for any other project in Defendants' current or future RNG portfolio.

## VI.  DEFENDANTS' INFRINGING ACTIVITIES

21.    Defendant WM Renewable Energy owns and operates the above-identified sixteen landfill RNG facilities throughout the United States that process landfill gas into pipeline-quality RNG for injection into natural gas pipeline systems. Each facility practices one or more methods covered by the claims of the '779 Patent without authorization from Ingenco Holdings or BEW.

22.    The Infringing Projects, upon information and belief, include at least: WM Columbia Ridge (Oregon); WM Covel Gardens (California); WM DeKalb (Illinois); WM DFW RNG (Texas); WM Eco Vista (California); WM Fairless Hills (Pennsylvania); WM Medley (Florida); WM Okeechobee (Florida); WM Orchard Hills (Illinois); WM Outer Loop (Kentucky); WM Pheasant Point (Nebraska); WM Salem County (Alabama); WM Security RNG (Texas); WM Simi Valley (California); WM Skyline (California); and WM Temple RNG (Texas).

23.    At each Infringing Project, Defendants operate a landfill gas purification system that practices, without authorization, one or more claims of the '779 Patent, including at minimum: removal of hydrogen sulfide; compression; cooling; removal of water, NMOCs, and VOCs using pressure swing adsorption units; removal of carbon dioxide and oxygen using Air Liquide process membranes; and removal of nitrogen and oxygen using pressure swing adsorption units, with membrane permeate recycled to improve methane recovery.

24.    Defendants have practiced the patented methods continuously at each Infringing Project since its respective commercial operation date. Through the operation of the Infringing Projects, Defendants have generated substantial revenues from natural gas sales, sale of D-3 Renewable Identification Numbers ("RINs") under the EPA Renewable Fuel Standard, and Low Carbon Fuel Standard ("LCFS") credits (for California projects), all of which are directly enabled by the patented purification methods.

## VII.  DEFENDANTS' NOTICE AND WILLFUL CONDUCT

25.    Defendants have had actual knowledge of the '779 Patent since at least the date of execution of the first Label License Agreement. Each Label License Agreement expressly identifies U.S. Patent No. 7,731,779 by number, identifies BEW as the designated source of project-wide licenses, and acknowledges BEW's third-party beneficiary status. Defendants therefore have had actual notice of both the '779 Patent and their contractual obligation to BEW from the inception of each Infringing Project.

26.    By letter dated March 12, 2026, counsel for Plaintiffs formally notified Defendants that (i) BEW regards each Label License as insufficient to authorize project-wide practice of the Licensed Methods, that (ii) continued operation without a project-wide license constitutes infringement and breach of contract, and (iii) that continued infringement following such notice may support a claim for enhanced damages under 35 U.S.C. § 284. Counsel requested a project-by-project response within fifteen (15) days. A true and correct copy of the March 12, 2026 demand letter with Schedule A, which identified seventeen (17) WM RNG projects (including the sixteen Infringing Projects identified herein and WM Williamson County, whose label license status Plaintiffs are continuing to investigate), is attached hereto as Exhibit E.

10

27.    By letter dated March 25, 2026, Plaintiff BEW, through its counsel, separately and independently exercised BEW's contractual inspection and access rights under each of the sixteen Label License Agreements. The March 25, 2026 letter (the "Inspection Notice") invoked Article 3 of each Label License Agreement, which grants BEW the right to inspect each Project upon reasonable notice to confirm compliance with the terms of the agreement. The Inspection Notice identified all sixteen Label License Projects by name, location, license date, and operational status; specified five categories of records to be produced for each Project; and requested that WM designate a knowledgeable representative for each Project. WM was directed to respond within fifteen (15) business days of March 25, 2026, i.e., by April 14, 2026. The Inspection Notice was transmitted to Defendants by email on March 25, 2026 and by overnight express delivery on March 26, 2026. BEW's exercise of its inspection rights is independent of the filing of this Complaint, is not contingent on any legal proceeding, and does not constitute a waiver of any claim asserted herein. A true and correct copy of the March 25, 2026 Inspection Notice is attached hereto as Exhibit F.

28.    Defendants failed to respond to the March 12, 2026 letter by the March 27, 2026 deadline, despite three attempts to email a copy of the letter to Defendants' General Counsel, and an attempt to deliver the same letter by certified mail. Defendants, after presumably learning about the upcoming certified letter based on a reference to the letter in prior emails, instructed the Houston, Texas 77002 post office not to deliver the letter to Defendant. See U.S.P.S records re Item Number 70200640000129460292, attached as Exhibit G. Counsel thereafter transmitted the March 12, 2026 letter by FedEx Priority Overnight delivery on March 24, 2026, addressed to both (i) Charles C. Boettcher, Executive Vice President and Chief Legal Officer, Waste Management, Inc., and WM Renewable Energy, 800 Capitol Street, Suite 3000, Houston, Texas

77002 (FedEx Tracking No. 889945975904), and (ii) The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as registered agent for service of process for Waste Management, Inc. (FedEx Tracking No. 889946118751). FedEx confirmed delivery of both shipments on March 26, 2026: the Houston package was delivered at 9:56 a.m. and signed for by L. Buckner; the Wilmington package was delivered at 10:06 a.m. and signed for by D. Thornton. True and correct copies of the FedEx shipping receipts and delivery confirmations are attached hereto as Exhibit H.

29.      As of the date of this Complaint, Defendants have failed to take the actions requested in either of the March 12, 2026 or March 25, 2026 letters, and have continued to infringe the '779 patent.

30.      Defendants' continued patent infringement and continued failure to obtain project-wide licenses through BEW and its parent, Ingenco Holdings, following repeated actual written notice, is willful and deliberate. With respect to Count I, Defendants' willfulness entitles Ingenco Holdings to enhanced damages under 35 U.S.C. § 284. With respect to Count II, Defendants' knowing and deliberate failure to honor their express contractual obligation to BEW entitles BEW to all available contractual remedies including consequential and expectation damages.

### COUNT I – PATENT INFRINGEMENT (35 U.S.C. § 271)
### (Plaintiff Ingenco Holdings, LLC)

31.      Ingenco Holdings realleges and incorporates by reference the allegations of paragraphs 1 through 30 as if fully set forth herein.

32.    Ingenco Holdings is the owner of all right, title, and interest in and to the '779 Patent, with full and exclusive standing to assert claims for patent infringement under 35 U.S.C. § 271.

33.    Defendants have directly infringed and continue to directly infringe one or more claims of the '779 Patent, in violation of 35 U.S.C. § 271(a), by making, using, and practicing the patented methods at each of the Infringing Projects without authority from Ingenco Holdings.

34.    Defendant WM has induced and continues to induce infringement of the '779 Patent, in violation of 35 U.S.C. § 271(b), by directing, controlling, authorizing, and facilitating the infringing activities of WM Renewable Energy at the Infringing Projects, with actual knowledge of the '779 Patent and knowledge that WM Renewable Energy's activities constitute infringement.

35.    As a direct and proximate result of Defendants' infringement, Ingenco Holdings has suffered, and will continue to suffer, damages in an amount to be determined at trial, but in no event less than a reasonable royalty under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest.

36.    Defendants' infringement has been and continues to be willful and deliberate, entitling Ingenco Holdings to an award of enhanced damages of up to three times the amount of actual damages found or assessed, pursuant to 35 U.S.C. § 284.

37.    This case is exceptional within the meaning of 35 U.S.C. § 285, entitling Ingenco Holdings to an award of its reasonable attorneys' fees.

38.    Defendants' continued infringement has caused, and will continue to cause, irreparable harm to Ingenco Holdings for which monetary damages alone are inadequate, and Ingenco Holdings is entitled to a permanent injunction under 35 U.S.C. § 283 restraining Defendants from further infringement of the '779 Patent.

## COUNT II – BREACH OF CONTRACT / THIRD-PARTY BENEFICIARY RIGHTS
### (Plaintiff Bio-Energy (Washington), LLC)

39.    BEW realleges and incorporates by reference the allegations of paragraphs 1 through 30 as if fully set forth herein.

40.    Each Label License Agreement executed by Defendant WM Renewable Energy constitutes a valid and enforceable contract governed by the laws of the State of Texas. BEW is an express, intended, and named third-party beneficiary of each Label License Agreement, as evidenced by the express language of each such agreement identifying BEW by name, specifying that project-wide licenses "may only be obtained from BEW," granting BEW inspection rights at each project, and expressly designating BEW as a third-party beneficiary with independent enforcement rights. Under Texas law, a third party may enforce a contract between other parties only if the contracting parties intended to secure a benefit to that third party and entered into the contract directly for the third party's benefit. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999); *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017). The intention to confer a direct benefit must be clearly and fully spelled out or enforcement by the third party must be denied. *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011). Here, each Label License Agreement expressly names BEW, designates it "an express, third-party beneficiary of this Agreement" (Article 3.02), grants it the exclusive right to issue project-wide licenses for use of the Licensed Methods (Article 2.01), and grants it inspection rights at each identified project.

14

These provisions satisfy the Texas standard for third-party beneficiary standing as a matter of law.

41.    BEW's standing to enforce its rights under each Label License Agreement is independent of, and unaffected by, the subsequent assignment of the '779 Patent from BEW to Ingenco Holdings. The patent assignment conveyed patent enforcement rights under 35 U.S.C. § 271; it did not alter, assign, or diminish BEW's contractual position as a named third-party beneficiary under the Label License Agreements, which are independent instruments between Air Liquide and Defendant WM Renewable Energy in which BEW is specifically identified by name.

42.    Each Label License Agreement imposes on Defendant WM Renewable Energy an express contractual obligation to obtain a project-wide license from BEW before engaging in project-wide use of the Licensed Methods at the identified project. This obligation is stated plainly and without qualification in Article 2.01 of each Label License Agreement.

43.    Defendants have breached their obligations under each Label License Agreement by operating at least each of the Label License Projects — WM Columbia Ridge (Oregon); WM Covel Gardens (California); WM DeKalb (Illinois); WM DFW RNG (Texas); WM Eco Vista (California); WM Fairless Hills (Pennsylvania); WM Medley (Florida); WM Okeechobee (Florida); WM Orchard Hills (Illinois); WM Outer Loop (Kentucky); WM Pheasant Point (Nebraska); WM Salem County (Alabama); WM Security RNG (Texas); WM Simi Valley (California); WM Skyline (California); and WM Temple RNG (Texas) — in a manner that constitutes project-wide use of the Licensed Methods without obtaining the required project-wide license through BEW, a wholly-owned subsidiary of Ingenco Holdings. Defendants'

operation of each such projects incorporate equipment, processes, and methods beyond the scope of the covered Air Liquide products identified in the applicable Label License, and in any event constitutes project-wide practice of the Licensed Methods for which Defendant WM Renewable Energy must obtain authorization from BEW or Ingenco Holdings.

44. Defendants had actual, express notice of their obligation to obtain project-wide licenses from BEW from the moment they executed each Label License Agreement. Despite this notice, and despite further written demands from BEW's counsel dated March 12, 2026, and the separate written Inspection Notice dated March 25, 2026 formally exercising BEW's contractual inspection rights under each Label License Agreement, Defendants have refused to apply for, or obtain the required project-wide licenses and have continued to operate each Label License Project without authorization from BEW or Ingenco Holdings.

45. As a direct and proximate result of Defendants' breach, BEW has suffered and will continue to suffer damages, including the loss of royalty revenue that BEW would have received had Defendants timely complied with their express contractual obligation to obtain project-wide licenses from BEW. BEW's damages are in an amount to be determined at trial.

46. Defendants' breach has been, and continues to be, knowing, deliberate, and willful under Texas law. Defendants had actual knowledge of their contractual obligations to BEW from the date of each Label License, were reminded of those obligations by written demand on March 12, 2026, and again by written Inspection Notice dated March 25, 2026, and have failed and refused to comply with either. Defendants' conduct entitles BEW to all available contract remedies, including expectation damages, consequential damages, and attorneys' fees to the extent available under Texas law.

16

47.     Defendants' continued breach causes ongoing and irreparable harm to BEW, including deprivation of BEW's right to control who practices the Licensed Methods at each project and on what terms. Monetary damages alone are inadequate to compensate BEW for this harm, and BEW is entitled to equitable relief under Texas law compelling Defendants to comply with their obligations under the Label License Agreements or to cease project-wide use of the Licensed Methods at each Label License Project.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ingenco Holdings, LLC and Bio-Energy (Washington), LLC respectfully request that this Court enter judgment in their favor and against Defendants, and grant the following relief:

## On Count I (Patent Infringement – Ingenco Holdings):

A.     A judgment that Defendants have infringed and continue to infringe one or more claims of the '779 Patent;

B.     A judgment that Defendants' patent infringement has been and remains willful;

C.     An award of damages adequate to compensate Ingenco Holdings for Defendants' infringement, in no event less than a reasonable royalty under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest at the maximum rate permitted by law;

D.     An award of enhanced damages of up to three times actual damages pursuant to 35 U.S.C. § 284, based on Defendants' willful infringement;

E.     A permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, directors, agents, employees, successors, assigns, and all persons in active concert with them, from further infringement of the '779 Patent;

17

F.      A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of Ingenco Holdings' reasonable attorneys' fees;

**On Count II (Breach of Contract / Third-Party Beneficiary Rights – BEW):**

G.      A judgment that Defendant WM Renewable Energy has breached its obligations under each Label License Agreement by operating the Label License Projects without obtaining the required project-wide license from BEW;

H.      An award of expectation damages and consequential damages suffered by BEW as a result of Defendants WM Renewable Energy's breach, in an amount to be determined at trial;

I.      Equitable relief under Texas law directing Defendant WM Renewable Energy to comply with its contractual obligations under the Label License Agreements, or in the alternative, to cease project-wide use of the Licensed Methods at each Label License Project;

J.      An award of BEW's reasonable attorneys' fees to the extent available under Texas law;

**On All Counts:**

K.      An award of Plaintiffs' costs and expenses in this action; and

L.      Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

/s/ Karen E. Keller

Karen E. Keller (No. 4489)

Emily S. DiBenedetto (No. 6779)

SHAW KELLER LLP

OF COUNSEL:

Robert J. Rauch

LAW OFFICES OF ROBERT J. RAUCH

25141 Star View Road

Mt. Vernon, Washington 98273

(360) 708-7296

I.M. Pei Building

1105 North Market Street, 12th Floor

Wilmington, DE 19801

(302) 298-0700

kkeller@shawkeller.com

edibenedetto@shawkeller.com

*Attorneys for Plaintiffs*

Larry D. Moffett

LAW OFFICE OF LARRY D. MOFFETT PLLC

39 County Road 231

Oxford, MS 38655

(662) 298-4435

Dated: April 15, 2026

19